IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-30-BO

| | |
|---|---|
| SHIRLEY TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 13, 2015, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Administrative Law Judge is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on December 10, 2010, alleging disability since November 4, 2010. After initial denials, a video-hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's multi-level cervical degenerative disc disease with stenosis and spinal cord injury, history of cervical discectomy and fusion surgery with residual effects, and mild lumbar degenerative disc disease/lumbago with lumbar disc displacement were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform light work with several exertional limitations. The ALJ found that plaintiff could not return to her past relevant work but that, considering plaintiff's age, education, work experience, and RFC,

3

there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled.

Substantial evidence does not support the ALJ's determination that plaintiff did not satisfy her burden to show that she met a Listing at step three. The ALJ's discussion of the Listing criteria was cursory, as the ALJ states that plaintiff did not satisfy the criteria for "Listing 1.00, *et al.*" The ALJ did note that "the medical evidence does not document an extreme limitation in the claimant's ability to walk, or an extreme loss of function of both upper extremities." Tr. 15.

Listing 1.04 addresses disorders of the spine resulting in compromise of a nerve root or the spinal cord. Listing 1.04A also requires:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04. Thus, while the record may not support that plaintiff had an extreme loss of function in both upper extremities, it does support that plaintiff had spinal stenosis with compromise of the spinal cord, suffers from bilateral arm pain, has limited range of motion in her cervical and lumbar spine, motor loss in her hands, and sensory or reflex loss. *See, e.g.* Tr. 455-57, 386-87. In light of this record, it was error for the ALJ to fail to consider specifically Listing 1.04A, and meaningful review of the ALJ's decision is therefore not possible. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

4

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.


SO ORDERED, this _29_ day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE